In the Matter of Christine Jordan, Jimmy Jordan,
Terry Jordan, Children.
STATE ex rel JUVENILE DEPT. OF
BENTON COUNTY, *Respondent,*
*v.*
JORDAN et vir, *Appellants.*
(CA 10630)
585 P2d 753

R. Tim Willis, Corvallis, argued the cause for appellants. With him on the brief was Corl & Willis, Corvallis.

Thomas H. Denney, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Henry R. Dickerson, Jr., Corvallis, argued the cause for children.

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Three of appellants' children were found to be within the jurisdiction of the juvenile court under ORS 419.476(1)(c)[1] and were placed in the custody of the Children's Services Division for placement outside the home for long term foster care. Appellants argue that the jurisdictional findings were based on incompetent evidence[2] and that the properly admitted evidence does not support the findings of jurisdiction.

It is unnecessary to consider appellant's evidentiary arguments. To simplify matters, we can simply ignore the evidence to which appellants properly objected.[3] The remaining evidence—which will not be detailed here[4]—supports the findings of jurisdiction under ORS 419.476(1)(c).

---

[1] ORS 419.476(1)(c):

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"* * * * *

"(c) Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others * * *"

[2] ORS 419.500(1) provides in relevant part:

"The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in subsection (1) of ORS 419.476, unless admitted, must be established by a preponderance of competent evidence. * * *"

[3] The record contains much testimony concerning the father's misconduct toward children other than those named in the petitions. Appellants objected to some of that testimony, but most came in without objection. They now argue that all evidence concerning misconduct with other children should have been excluded. We do not agree with that general argument. Moreover, that challenge was not preserved by proper objection below. Appellants contend that having once objected to specific evidence concerning misconduct toward another child, further objections to specific evidence of that type were unnecessary. Having reviewed the record, we find no objection which fairly apprised the trial court that appellants challenged the specific evidence on the ground that it was part of the class of evidence they now seek to have excluded. Nor do we find a ruling that all such evidence would be admitted, regardless of objection. In fact, the one item of evidence concerning prior misconduct which we find most significant was admitted after appellant's counsel specifically stated that he had no objection.

[4] See State ex rel Juv. Dept. v. Maves, 33 Or App 411, 576 P2d 826 (1978); Sarty v. Forney, 12 Or App 251, 506 P2d 535 (1973).

■ Appellants argue that the evidence was insufficient because it established no mistreatment by the mother, but only an inability to prevent mistreatment by the father. Suffice it to say that ORS 419.476(1) is concerned with the conditions and circumstances of the children. Whether those conditions and circumstances are attributable to the mother or the father matters not for jurisdictional purposes.

Affirmed.