725

Argued and submitted September 30, affirmed November 16, 1981

In the Matter of Katarina Rise,
a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent.*

*v.*

RISE et al,
*Appellants.*

(No. 51,292-B, CA A20629)

635 P2d 1369

Lawrence D. Gorin, Portland, argued the cause and filed the brief for appellants.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Parents appeal from an order of the Juvenile Court of Multnomah County that declared their daughter to be within its jurisdiction. They assert error in the court's denial of their motion to strike allegations contained in the fourth amended petition on the ground that the allegations were insufficient to support a finding of jurisdiction. We find that the court had jurisdiction.

■　　The fourth amended petition alleged, in relevant part:

"The condition and circumstances of the above child are such as to endanger her welfare; and her parents fail to provide her with the care, guidance and protection necessary for her mental, physical and emotional well-being and subject her to depravity, to-wit:

"A.　Despite having knowledge that Anita and Marilyn Morris, half-sisters to the above-named child, had claimed to have been sexually assaulted by James Rise, father of the above-named child, the parents failed to protect Katarina from James Rise.

"B.　Katarina Rise claims that her father, James Rise, has repeatedly inserted his finger into her vagina. This claim is consistent with past incestuous behavior of James Rise with his stepdaughters, Anita and Marilyn Morris. Also consistent with past behavior is the parents' current refusal to recognize and obtain treatment for the dysfunctioning within their family."

At the beginning of the adjudicatory hearing, the court heard arguments on the motion to strike. The parents argued that the amended petition alleged only that "claims" of sexual abuse had been made and that this was not sufficient to support a finding of jurisdiction under this court's holding in *State ex rel Juv. Dept. v. Boyce,* 47 Or App 759, 615 P2d 385 (1980). Denying the motion, the court explained:

"It's true that Allegations A and B are worded much more generally than would be found if this were a criminal complaint, but it certainly is adequate for the type of hearing which is before this Court, which is a dependency hearing. Obviously the only testimony the Court is getting will show that certain statements were made, and there's no proof that anything occurred. That would not give this Court jurisdiction, but this case is scheduled to be tried all

day today. *The State is going to have the burden of showing by a preponderance of the evidence that these things did, in fact, occur.* If they did not occur, if I'm not satisfied, then I would not take jurisdiction, but I'm satisfied that the allegations as specified—as spelled out on this Fourth Amended Petition are sufficient to bring the matter before this Court." (Emphasis supplied.)

In *Boyce,* the state's juvenile court petition alleged that both the child and her mother had said that the child was sexually involved with her father. The state was prepared to prove only what was alleged: that such statements had been made by the child and her mother to third parties. The third parties were prepared to testify to the statements; the mother and child would not testify.[1] We held that the allegation of the making of the statements, without more, was an insufficient basis for juvenile court jurisdiction. *State ex rel Juv. Dept. v. Boyce, supra,* 47 Or App at 763-64.

The parents argue that here, as in *Boyce,* the state attempts to do indirectly what it could not do directly. We disagree. Here, the state did not seek to base jurisdiction solely upon claims of sexual abuse. Instead, it was prepared to substantiate those claims. While the petition in *Boyce* intentionally alleged only that claims of sexual abuse had been made, the petition here, in addition to such claims, also alleged (albeit somewhat inartfully)[2] that the parents were aware of the sexual conduct problems concerning the child and were not attempting to resolve them. This latter allegation was not present in *Boyce.* 47 Or App at 764. In fact, as its proof at trial indicated, the state meant to allege and prove *the acts of abuse themselves.* Appellants, faced with this variance between the pleadings and the proof, made no objection, either on grounds of variance or lack of notice. This served to waive their earlier, arguably well taken objection to the pleadings.

---

[1] We pointed out that:

"[t]he juvenile department is not contending that it is entitled to prove that the alleged statements by the mother and daughter were true so that the court would acquire jurisdiction over the daughter." 47 Or App at 763.

[2] This is especially true considering our holding that juvenile petitions should not be held to the same standards of specificity and clarity that govern criminal indictments. *State ex rel Juv. Dept. v. Goebel,* 26 or App 251, 522 P2d 281 (1976).

Admittedly, because of the similarity between the petition here and the one in *Boyce,* the parents might reasonably have assumed that the hearing, if it were held, would be limited to the issue of whether the alleged statements had been made. Any such assumption, however, was dispelled by the juvenile court prior to the hearing. In the emphasized portion of the quotation set out above, the court told both parties that it would require proof that the acts alleged in the complaint had actually occurred. This effectively put both parties on notice of the precise issue to be considered in the hearing. Because the parents did not object to any of the testimony offered by the state on the ground that they had inadequate notice and were not prepared to rebut evidence concerning acts of sexual abuse, we presume they were prepared to proceed.

■    The only remaining question is whether the state met its burden of showing by a preponderance of the evidence that the acts alleged in the petition actually occurred. The alleged victim, a four-year old girl, did not testify at the hearing, because the juvenile court adjudged her incompetent to testify. However, both of the child's step-sisters testified that their step-father, the child's natural father, had sexually abused them on several occasions. They also testified that they had told their mother of those acts, that the mother had claimed she did not believe them and that she had done nothing to determine the truth or falsity of the accusations. The child's social worker, a psychologist who had examined the child and both step-sisters, testified that the child indicated that her father had inserted his finger into her vagina. The child's mother also admitted that she knew that the child had made statements to other people to the effect that her father had abused her, but she stated that she did not believe those accusations and did not think counseling was necessary.

In essence, the testimony indicates that the child's father molested her two step-sisters, that the child charges acts by the father that constitute sexual abuse of the child, and that the child's mother is aware of such claims by all three of her daughters but has not sought to determine the truth or falsity of the claims or to obtain counseling for the family. The juvenile court was justified in finding jurisdiction over the child.

Affirmed.