Argued and submitted October 10, affirmed November 21, 1984

In the Matter of P.S.H., a Child.
STATE ex rel JUVENILE DEPARTMENT
OF MARION COUNTY,
*Respondent,*

*v.*

CARVER,
*Appellant.*

(18,253; CA A32480)

691 P2d 107

Clayton C. Patrick, Salem, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Roy Pulvers, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Mother appeals a juvenile court order making her daughter a ward of the court and placing her in the legal custody of Children's Services Division. The dispositive issue is whether the juvenile court petition contains sufficient allegations to support a finding of jurisdiction. *See* ORS 419.476(1). We conclude that it does and affirm.

The petition alleges, in relevant part:

"2.   The child is within the jurisdiction of the Court by reason of the following facts:

"A.   The behavior, condition or circumstances of said child is such as to endanger her own welfare by reason of the following facts: (1) The stepfather of said child has sexually abused the said child.

"3.   The name and residence of the child's parents or guardians are as follows: Father: Deceased. Stepfather: * * * and Mother: Peggy Carver * * *.

"4.   The name and residence of the person having physical custody of the child is: Mother, as noted above."

Mother stipulated in the the juvenile court that the stepfather had sexually abused the child. She argues in this court that the petition must state facts sufficient to show that any past sexual abuse presents a *present* danger to the child.

ORS 419.484 provides, in relevant part:

"The petition shall set forth in ordinary and concise language such of the following facts as are known and indicate any which are not known:

"* * * * *

"(b)   The facts which bring the child within the jurisdiction of the court as provided in ORS 419.476(1)."

The statutory bases for juvenile court jurisdiction under ORS 419.476(1) include:

"(1)   The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"* * * * *

"(c)   Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others * * *."

Mother contends that the allegations in the petition were insufficient as a matter of law to bring her daughter within the juvenile court's jurisdiction. She relies on *State ex rel Juv. Dept. v. Boyce,* 47 Or App 759, 615 P2d 385 (1980). The petition in *Boyce* alleged that both the child and her mother "stated" that the child's father had had sexual intercourse with the child and that the child had "stated" that she feared that further contact with him would result in his establishing a regular sexual relationship with her and removing her from the state. The juvenile court found that it had jurisdiction. On appeal, we concluded that those allegations were insufficient to invoke the juvenile court's jurisdiction.

Here, the petition alleges that the child had been sexually abused while the mother and stepfather were living together; indeed, mother so stipulated. According to the petition, stepfather is still residing at the same address as mother and child. That is enough. The petition is sufficient to allow the state to attempt to show that stepfather is a continuing threat to the child and that mother cannot protect her.

Affirmed.