Argued and submitted December 19, 1984, affirmed April 10, reconsideration denied
June 7, petition for review denied July 9, 1985 (299 Or 443)

In the Matter of J. L., a Child.

## STATE ex rel JUVENILE DEPARTMENT OF LANE COUNTY et al,
*Respondents,*

*v.*

## RHOADES,
*Appellant.*

(83-129; CA A32385)

698 P2d 66

Michael V. Phillips, Eugene, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on

the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Ross M. Shepard, Public Defender, Eugene, waived appearance for respondent Duane Lindquist.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals from a juvenile court order finding her infant daughter to be within the court's jurisdiction. On *de novo* review, we affirm.

A petition was filed on March 30, 1983, alleging, in part, that the child was within the court's jurisdiction because:

"The conditions and circumstances of [the child] are such as to endanger her welfare, in that:

"a.   Duane D. Lindquist, her father, is presently incarcerated in the Lane County Jail awaiting sentencing for Sexual Abuse in the Second Degree. The victim of the sexual abuse is [J.S., the child's half sister], a ward of this court committed to Children's Services Division. [J.S.] is the daughter of Lorna Rhoades. Duane Lindquist testified at trial that he believed the touching of [J.S.'s] breasts with his hand and mouth was a proper form of discipline and a way to get her to deal with a prior rape by Gene Beltz, the previous husband of Lorna Rhoades;

"b.   Since the sexual abuse charge was filed, Lorna Rhoades has continued to associate with Duane Lindquist, has become pregnant by him, and has given him sole custody of [the child] and intends to reunite with Duane Lindquist on his release from jail * * *."

Mother admits all of paragraph a., the pregnancy and the fact that she has continued to associate with father.

The case was tried on stipulated facts. Mother and father are living together and jointly care for the child. There has been no physical evidence or report of sexual contact with the child. Father has maintained all along that the contact with the child's half sister was not sexual. Mother observed some of the contact and also thinks that it was not sexual. She believes that it was improper, however. Mother has attended mothers' groups in connection with a Children's Services Division training program for parents of sexually abused children, but has not attended regularly. Mother has said that, if their relationship ever terminates and father desires custody of the child, mother will not contest the custody if it appears that father is in a position to provide physical and emotional support.

The juvenile court has jurisdiction over any child

whose "condition or circumstances are such as to endanger his own welfare * * *." ORS 419.476(1)(c). Mother contends that the court erred in finding jurisdiction in the absence of evidence of sexual contact, physical abuse or neglect. She urges this court to adopt as a standard for jurisdiction the view of Goldstein, Freud, and Solnit in their book *Before the Best Interests of the Child* (1979), that intervention of the state is proper only if there is a demonstrated sexual contact between the parent and child. Anything less, it is urged, does not warrant the disruption of the family relationship. The authors of the treatise discuss the impact on a child of sexual contact:

> "Such children are overwhelmed emotionally and physically. Though their turmoil may not become immediately visible, the detrimental consequences usually become manifest in adolescent and adult life in the form of unsatisfying personal and sexual relationships. When the seducing adult is actually the child's parent, the damage done to his emotional life is likely to be most severe." Goldstein, *supra,* at 63.

■     This court has, on numerous occasions, found state intervention to be appropriate if there is a reasonable prediction that harm will come to the child. *State ex rel Juv. Dept. v. Grannis,* 67 Or App 565, 680 P2d 660 (1984); *State ex rel Juv. Dept. v. East,* 38 Or App 59, 589 P2d 744, *rev den* 286 Or 1 (1979). In *State ex rel Juv. Dept. v. Rise,* 54 Or App 725, 729, 635 P2d 1369 (1981), we found sufficient danger to the child to sustain jurisdiction where the record indicated that

> "* * * the child's father molested her two step-sisters, that the child charges acts by the father that constitute sexual abuse of the child, and that the child's mother is aware of such claims by all three of her daughters but has not sought to determine the truth or falsity of the claims or to obtain counseling for the family. * * *"

The distinction between this case and *Rise* is that here the child, who was 19 months old at the time of the hearing, has not complained of sexual contact. We do not find that distinction to be controlling on these facts. In this case, a complaint of sexual contact with the child is not necessary to establish jurisdiction.

■     We conclude that the facts admitted by mother and stipulated by the parties are sufficient to demonstrate circumstances which would endanger the child and to sustain jurisdiction under ORS 419.476(1)(c). The child is living with her

father, who has been convicted of sexually abusing J.S., a child living in his home, and her mother, who has failed to protect a daughter from two sexual abusers. Neither the mother nor the father recognizes the father's conduct as sexual abuse. The mother has not consistently participated in educational programs available to her through Children's Services Division.

We reject the argument that the juvenile court may not intervene to protect a child from risk in the absence of actual damage to the child. The risk to the child in this case is apparent, and the juvenile court was justified in finding jurisdiction to make possible a program of supervision.

Affirmed.