Argued and submitted May 13, 1988, affirmed March 8, 1989

In the Matter of Elizabeth Gardner, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

GARDNER,
*Appellant.*

(D8611-81894; CA A44884)

770 P2d 79

Richard D. Cohen, Portland, argued the cause for appellant. With him on the brief was Stahancyk & Cohen, Portland.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

**DEITS, J.**

Father appeals from a trial court judgment that made his daughter, Elizabeth, a ward of the court, temporarily committed her to CSD for placement and supervision in foster care and ordered father to participate in drug, alcohol and sexual offender treatment and evaluation under ORS 419.507. We review *de novo,* ORS 419.561(4), and affirm.

CSD alleged that the juvenile court had jurisdiction pursuant to ORS 419.476(1),[1] because the child's condition and circumstances were such as to endanger her welfare. Specifically, it alleged that she had been sexually molested by her father and that he had no adequate explanation for bodily pain and bruises suffered by her.[2] Hearings were held on May 22, and June 1, 1987, and an order was entered on June 11, 1987. The court held that the state had proven that father had sexually molested the child and that he had no adequate explanation for the bruises but that the state did not prove the allegation of pain suffered by the child.

Father assigns error to the trial court's admission of certain portions of the testimony of Bowcutt and Green, assistant teachers at a Head Start program, and Byrne, a CSD caseworker, each of whom testified as to statements made by the child. Father asserts that the testimony was hearsay and that there is no authority for its admission.

It is unnecessary to decide whether it was admissible. Jurisdiction of the juvenile court may be established by a

---

[1] ORS 419.476(1) provides, in pertinent part:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:
"* * * * *

"(c) Whose behavior, condition or circumstances are such as to endanger the welfare of the person or the welfare of others; or
"* * * * *

"(e) Either the person's parents or any other person having custody of the person have abandoned the person, failed to provide the person with the support or education required by law, subjected the person to cruelty or depravity or to unexplained physical injury or failed to provide the person with the care, guidance and protection necessary for the physical, mental or emotional well-being of the person * * *."

[2] The petition also alleged, and it was conceded, that the mother was unable to care for the child.

preponderance of the evidence. ORS 419.500. Even assuming that all of the evidence to which father objects should have been excluded, we find, on *de novo* review, that the remaining evidence establishes the jurisdiction of the juvenile court.[3]

Affirmed.

---

[3] In view of our disposition of the case, we need not consider father's remaining assignments of error.