Argued and submitted March 24, reversed May 24, 1989

In the Matter of
Rebecca and Michelle Randall, Children.

STATE ex rel JUVENILE DEPARTMENT OF
MARION COUNTY et al,
*Respondents,*

*v.*

RANDALL,
*Appellant.*

(29,234; 29,293; CA A48545)

773 P2d 1348

Dora Lutz, Salem, argued the cause for appellant. On the brief was Timothy B. O'Neill, Salem.

Diane Lefkow, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Mother appeals a juvenile court order making her five-year-old daughter a ward of the court. She assigns error to the court's denial of her motion to dismiss the petition for failure to state sufficient facts to support a finding of jurisdiction. We reverse.

The petition alleges, in pertinent part:

"2.   The child is within the jurisdiction of the Court by reason of the following facts:

"A.   The behavior, condition or circumstances of said child is such as to endanger the child's own welfare and the welfare of others by reason of the following facts: The child's mother uses controlled substances. The child's sibling, born April 6, 1988, had controlled substances in her system."

Mother concedes that the juvenile court has jurisdiction over the sibling.

The state contends that the petition states facts sufficient, if proved, to bring the older child within the jurisdiction of the court under ORS 419.476.[1] It argues that a mother's use of controlled substances is a proper consideration in determining whether the welfare of a child is endangered and cites *State ex rel Juv. Dept. v. Rhoades,* 73 Or App 192, 196, 698 P2d 66, *rev den* 299 Or 443 (1985), for the proposition that, if the risk is apparent, a juvenile court may intervene to protect a child from the risk, even in the absence of actual damage to the child. According to the state, it is apparent that mother's drug use poses a danger to the child's welfare.

Although we agree with the state that a parent's use of controlled substances is a proper consideration in determining whether a child should be made a ward of the state, that allegation is insufficient by itself to establish that the child's welfare is endangered. The petition must also include

---

[1] ORS 419.476, provides, in part:

"(1)   The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"* * * * *

"(c)   Whose behavior, condition or circumstances are such as to endanger the the welfare of the person or the welfare of others[.]"

some factual allegation showing how the parent's drug usage endangers the welfare of the child over whom the court is asserting jurisdiction.

■ The petition alleges two facts: drug usage by mother and the presence of drugs in the sibling. It does not allege that, because of the substance abuse, mother is incapable of providing proper care or food for the child. It fails to allege that the child's welfare is endangered in any way by mother's drug use. The fact that the sibling was born with drugs in her system addresses only her welfare and not that of the older child. The allegations in the petition are insufficient to establish jurisdiction over the older child.

Our holding in *State ex rel Juv. Dept. v. Rhoades, supra,* 73 Or App at 195-96, does not compel a different conclusion. There, we held that the juvenile court had jurisdiction over a child, because it was reasonable to predict that harm would come to that child when the petition alleged only that the father, with whom the child would be living, had been convicted of sexually abusing another child in the family. We have also held that the physical abuse of one child justifies removing another child from a parent's custody. *See State ex rel Juv. Dept. v. Grannis,* 67 Or App 565, 569, 680 P2d 660 (1984). Those acts, however, are qualitatively different from a parent's abuse of controlled substances. Unlike the latter act, by which the parent is engaging in self-abuse that may result in unintended or unrecognized injury to her child, acts of sexual or other physical abuse are affirmatively and knowingly directed toward a child. Therefore, there is a greater likelihood that another child in a family will also be a victim of abuse.

■ We do not doubt that a child's welfare might be seriously endangered by a parent's use of a controlled substance. However, we cannot take judicial notice that all substance users are incapable of adequate parenting. We hold that a petition must allege that the child over whom jurisdiction is to be asserted is threatened or affected by mother's substance use.[2]

---

[2] The dissent's reliance on facts outside the pleading attempts to divert attention from the only issue on appeal: Does petitioner allege facts, that, if true, show that the *subject child* is in danger? The petition does not allege that mother uses heroin or that she does not or cannot care for the subject child because of the use of a controlled substance. It is not too much to ask the state to plead what it says it can prove when it seeks to affect a familial relationship.

Reversed.

**ROSSMAN, J.,** dissenting.

The petition paints a bright and clear picture that the welfare of both children is endangered because of mother's use of drugs and because one of the girls was born with drugs in her system. If that does not state a case for juvenile court involvement, I am greatly concerned for those children in this state who may be in need of protective services. Accordingly, I dissent.

We have, on numerous occasions, found state intervention to be appropriate if it is reasonable to predict that harm will come to the child. *State ex rel Juv. Dept. v. Rhoades,* 73 Or App 192, 698 P2d 66, *rev den* 299 Or 443 (1985); *State ex rel Juv. Dept. v. Grannis,* 67 Or App 565, 680 P2d 660 (1984); *State ex rel Juv. Dept. v. East,* 38 Or App 59, 589 P2d 744, *rev den* 286 Or 1 (1979). The state may intervene to protect a child from risk, even in the absence of actual damage to the child. *State ex rel Juv. Dept. v. Rhoades, supra,* 73 Or App at 196; *see also State v. Damofle,* 89 Or App 620, 628, 750 P2d 518, *rev den* 305 Or 671 (1988) (Warren, J., dissenting).[1] Therefore, a petition to establish jurisdiction over the older daughter is sufficient if it alleges facts showing that the circumstances surrounding that child create a risk of harm to her welfare.

The majority insists that the state must not only allege facts showing that the circumstances surrounding the child create a risk of harm to her welfare, but that it must specifically allege how the child is harmed by those circumstances. In its hypertechnical approach, the majority requires too much of a petition. The petition asserts that mother uses controlled substances and, shortly before the petition was

---

[1] In *Damofle,* we affirmed the defendants' convictions for criminal mistreatment in the second degree. ORS 163.200(1). We held that the statute was not unconstitutionally vague and that defendants could be held liable for failure to provide adequate "physical care" for their three small children, even in the absence of actual physical harm to them. The dissent argued that the legislature did not intend to impose liability for mistreatment in the absence of an injurious result. Although the dissent said that the evidence of unsanitary or dangerous living conditions was insufficient in itself to convict defendants of criminal mistreatment under ORS 163.200(1), it noted, citing *Rhoades,* that the same evidence could suffice under the statutes authorizing juvenile court jurisdiction because, under those, as opposed to criminal statutes, the state would be permitted to intervene to protect a child from an apparent risk without actual injury to the child.

filed, had given birth to a baby with controlled substances in her system. Mother admitted at the preliminary hearing on the petition that the newborn had heroin in its system. Although there was no allegation that the older child was actually harmed, as was her infant sibling, it is a reasonable inference that the mother's drug abuse poses a danger to the older child's welfare as well. On the facts proved—together with mother's admission—it was proper for the trial judge to conclude that "if a mother's willing to use heroin during her pregnancy and allow her unborn baby to become addicted to heroin, the older child is in danger also."

Mother herself understands the trial judge's logic. She states in her brief that "one might reason that if the infant had drugs in her system, and if the mother used controlled substances, then that must affect the ability of the mother to provide sufficient care to the older child." Nevertheless, she argues that, because such an inference was not specifically pled in the petition, it was not subject to the test of proof and, consequently, the petition failed to allege sufficient facts to give the court jurisdiction. That argument is without merit. A petition must allege sufficient *facts* that the state is prepared to prove and upon which the court can rely to find jurisdiction. It need not supply the deductive reasoning from which a court can conclude that the facts are sufficient to find that a child is within its jurisdiction.

Although the majority may very well be correct that the acts of sexually or physically abusing a child may be qualitatively different from a parent's self-abuse with controlled substances, that does not mean, however, that the latter may never pose a reasonably *predictable* harm to the children in that parent's custody. The potential danger to a child's welfare posed by a mother who obviously used a controlled substance while pregnant with another child and who continued to use controlled substances thereafter is no less predictable than that posed by a parent who has sexually or physically abused her other children. In any event, the risk of harm here seems to me to be at least as apparent as that created by the unsanitary and dangerous conditions surrounding the children in *State v. Damofle, supra.*

In summary, the petition asserts circumstances indicating that the older child is at risk because of mother's sub-

stance abuse. That is all that is required to bring the child within the protective jurisdiction of the juvenile court. The trial court correctly decided that—if the facts were as alleged—the older child would be entitled to receive protection without first having to suffer a predictable harm. We should affirm.