214 P.3d 851 (2009)
230 Or. App. 346
In the Matter of I.R.A., a Minor Child.
STATE ex rel. JUVENILE DEPARTMENT OF JACKSON COUNTY, Respondent,
v.
S.A., Appellant.
080774J; A141669.
Court of Appeals of Oregon.
Submitted on July 17, 2009.
Decided August 12, 2009.
Peter Gartlan, Chief Defender, Legal Services Division, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.
Before EDMONDS, Presiding Judge, and WOLLHEIM, Judge, and SERCOMBE, Judge.
PER CURIAM.
Father appeals a judgment that made his nine-month-old child a ward of the court. The judgment states that child is within the jurisdiction of the court based on three allegations in the dependency petition, one of which the Department of Human Services (DHS) proved and two of which father admitted. On appeal, father challenges the judgment only with respect to the allegation that DHS proved  i.e., that "father has a history of substance abuse, which if active, would endanger the welfare of the child." In father's view, that allegation is on its face an insufficient basis for establishing dependency jurisdiction, because it does not allege that child is currently endangered.[1] The state concedes that the allegation is insufficient *852 and that the judgment must be reversed with respect to that allegation. We agree and accept the state's concession. See State ex rel. Juv. Dept. v. Randall, 96 Or.App. 673, 675-76, 773 P.2d 1348 (1989) ("Although we agree with the state that a parent's use of controlled substances is a proper consideration in determining whether a child should be made a ward of the state, that allegation is insufficient by itself to establish that the child's welfare is endangered. The petition must also include some factual allegation showing how the parent's drug usage endangers the welfare of the child over whom the court is asserting jurisdiction.").
Reversed and remanded for entry of judgment establishing dependency jurisdiction based on allegations admitted by father.
NOTES
[1] Father also contends that DHS did not, in fact, prove that father's marijuana use put child at risk. We need not reach that issue, given our disposition of father's first assignment of error.