Argued and submitted July 15, judgment of dismissal reversed and remanded;
limited judgment vacated September 16, 2009

In the Matter of T. P.,
a Child.

STATE OF OREGON,
*Petitioner-Appellant,*

*v.*

S. M. P.,
D. L. Z., and Nancy Leedy,
*Respondents.*

Clackamas County Circuit Court
090120J;
Petition Number 090120J01;
A141483

217 P3d 260

Judy C. Lucas argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Shannon Flowers, Deputy Public Defender, argued the cause for respondent S. M. P. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

No appearance for respondents D. L. Z. and Nancy Leedy.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

In this juvenile dependency case, the Department of Human Services (DHS) appeals judgments of the juvenile court dismissing its petition for dependency jurisdiction over child, vacating orders granting temporary custody of child to DHS and providing for shelter care, and ordering return of child to mother's care. On *de novo* review, ORS 419A.200(6)(b), we find that DHS presented sufficient evidence to prove that the welfare of child was endangered by his circumstances. Accordingly, we reverse the judgment dismissing the dependency petition and vacate the limited judgment granting mother's motion for return of child, vacating shelter care, and dismissing DHS's temporary custody of child.

Child was seven months old at the time of trial. Mother had custody of child and father had limited visitation with him, pursuant to a restraining order under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.732. After child's first unsupervised visit with father, child exhibited symptoms that led caretakers to believe that he might be injured. After a few days, mother had child examined by a nurse, and X-rays were taken. The X-rays revealed a recent fracture of child's leg, as well as two older healed fractures of child's ribs.

At the dependency hearing, a pediatrician and child-abuse examiner testified that the injuries were the result of nonaccidental trauma and likely were caused by physical abuse. Mother testified that she did not know how the injuries occurred, but it is likely that the leg fracture occurred when child was with father. Mother and other caretakers offered a few possible explanations for the rib fractures, but the record does not conclusively establish how the fractures occurred, who might have caused them, or precisely when child was injured. A medical expert testified that both injuries were "highly concerning" for child abuse and could not be easily explained as accidental trauma. Based on evidence of injuries likely caused by physical abuse, child was placed in foster care.

As relevant here, ORS 419B.100(1)(c) allows a juvenile court to take jurisdiction over a child "[w]hose condition

or circumstances are such as to endanger the welfare of the person." DHS filed a dependency petition in January 2009 alleging that the following conditions and circumstances endangered child's welfare:

"a. The child suffered unexplained, non-accidental physical trauma while in the care and/or custody of the mother.

"b. The child suffered unexplained, non-accidental physical trauma while in the care and/or custody of the father.

"c. The father has a history of domestic violence against the mother, which creates a risk of harm to the child."

After a hearing, the juvenile court approved shelter care for child and granted temporary custody of child to DHS.

On March 4, the court held a jurisdictional hearing and then vacated its previous orders, dismissed the petition, and dismissed the temporary custody to DHS, returning child to mother because the "state failed to establish [its] allegations against [the] custodial parent." The court entered judgments on March 19, and the state appeals from those judgments.[1]

On appeal, the state contends that there was sufficient evidence for the court to take jurisdiction over child under ORS 419B.100(1)(c). The state must prove the facts supporting jurisdiction by a preponderance of the evidence. ORS 419B.310(3). The state argues that the evidence showed that child had suffered past physical abuse so that there was

---

[1] Although the court entered judgment dismissing the dependency petition, it continued to take further action in the case. As noted at oral argument in this case and revealed in a submitted supplemental record, a later hearing was held concerning the dependency allegations of the petition that related to father. After that hearing, the court dismissed the petition "again." Father appealed from a subsequent judgment, and the efficacy of that judgment is not at issue here. The issue in this case is whether the judgments under review are final for purposes of appellate review. ORS 419A.200(1) confers jurisdiction on the Court of Appeals for an appeal of "a judgment of the juvenile court." ORS 419A.205(1)(c) describes appealable judgments to include "[a]ny final disposition of a petition." The judgment of dismissal stated that the "petition is dismissed." The limited judgment took final action with respect to the return of child to mother and other matters. The judgments under review in this case are therefore final.

a reasonable likelihood of harm to the welfare of child in the future. It asserts that the state need not prove any culpability of mother in order to establish that child needs the protection of the juvenile court. We agree with the state.

The standard for the exercise of jurisdiction under ORS 419B.100(1)(c) was stated in *State ex rel Juv. Dept. v. Vanbuskirk*, 202 Or App 401, 405, 122 P3d 116 (2005):

> "The key inquiry in determining whether 'condition or circumstances' warrant jurisdiction is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the welfare of the child. It is the *child's* condition or circumstances that are the focus of the jurisdictional inquiry. In deciding if the juvenile court has jurisdiction, the court must determine if the child needs the court's protection, not the nature or extent of the necessary protection."

(Emphasis in original; citations omitted.) We also explained in *State ex rel DHS v. Kamps*, 189 Or App 207, 214, 74 P3d 1123 (2003), that, where the evidence presented clearly establishes a "condition or circumstance" that endangers the child's safety, such as abuse, "[t]he state's failure to prove causation * * * [does] not preclude juvenile court jurisdiction over [the child]." In that case, the child had suffered physical injuries likely caused by intentional abuse, but the evidence did not show who caused the injuries; nonetheless, jurisdiction was warranted. ORS 419B.100(2) provides that the "court shall have jurisdiction under [ORS 419B.100(1)] even though the child is receiving adequate care from the person having physical custody of the child." "Whether those conditions or circumstances are attributable to the mother or father matters not for jurisdictional purposes." *State ex rel Juv. Dept. v. Jordan*, 36 Or App 817, 820, 585 P2d 753 (1978).

We conclude that the juvenile court erred in dismissing the petition. The evidence presented at the hearing proved that child had been physically abused. It is "axiomatic that the physical abuse of a child endangers the child's welfare, and, thus, furnishes a basis for the exercise of dependency jurisdiction." *G. A. C. v. State ex rel Juv. Dept.*, 219 Or App 1, 11, 182 P3d 223 (2008) (citations omitted). Although

we defer to the juvenile court's finding that mother's testimony was "credible in every way" and accept the court's conclusion that mother did not inflict child's injuries, the evidence indicates that child suffered physical injuries most likely caused by physical abuse and that therefore child needs the court's protection.

That conclusion, however, does not necessarily mean that child should not remain in mother's care. ORS 419B.331 allows the court, after taking dependency jurisdiction over a child, to place the child with the parent, subject to DHS supervision. The placement that serves a child's best interests is a separate question from whether the court should exercise jurisdiction over the child. *See State ex rel Juv. Dept. v. Brammer*, 133 Or App 544, 549 n 5, 892 P2d 720 (1995) (taking jurisdiction over the child merely places the child under the protection of the court, and whether the child remains in the home is determined in another proceeding); ORS 419B.100(2). The trial court will be able to make an appropriate placement determination on remand. Accordingly, we reverse the judgment dismissing the dependency petition and vacate the limited judgment and remand for reconsideration of placement.

Judgment of dismissal reversed and remanded; limited judgment vacated.