227 P.3d 1181 (2010)
233 Or. App. 616
In the Matter of J.D.G., a Child.
STATE of Oregon, Petitioner-Respondent,
v.
J.G., Appellant.
Petition Number 080685JA; 080685J; A142946.
Court of Appeals of Oregon.
Argued and Submitted January 19, 2010.
Decided February 17, 2010.
*1182 Ann Lechman-Su argued the cause for appellant. With her on the brief was Johnson & Lechman-Su, PC.
Katherine H. Waldo, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.
Before WOLLHEIM, Presiding Judge, and SERCOMBE, Judge, and CARSON, Senior Judge.
PER CURIAM.
In this dependency case, father appeals the juvenile court's judgment committing his child to the legal custody of the Department of Human Services. The judgment states that child is within the jurisdiction of the court, based, in part, on an allegation in the dependency petition that father has a history of assaultive behavior. On appeal, father asserts that that allegation was insufficient as a basis for the court's jurisdiction.[1] The state concedes that the allegation that father had a history of assaultive behavior "was insufficient on its face to state a basis for juvenile jurisdiction and further, that the state failed to prove facts that might have cured the defect." We agree and accept the state's concession.
The parties agree that father earlier stipulated to the court's jurisdiction on a separate and independent basis-that father did not have sole custody of child and was, therefore, unable to protect child from mother-and that the case should be remanded for entry of judgment on the basis of that stipulation. See State ex rel. Juv. Dept. v. S.A., 230 Or.App. 346, 214 P.3d 851 (2009).
Vacated and remanded for entry of judgment establishing dependency jurisdiction based on allegation admitted by father.
NOTES
[1] Father makes several additional assignments of error, including that he was improperly denied a continuance and that his counsel before the juvenile court was inadequate. Given our disposition of this case, we need not reach those issues. Father also argues that the juvenile court's order that he submit to a drug and alcohol assessment was also erroneous. That order was based on the allegation of assaultive behavior. Again, given our disposition, we need not reach that issue.