Submitted November 6, jurisdictional judgments reversed and remanded for entry of judgments establishing dependency jurisdiction based on allegations other than (f) and (i), otherwise affirmed December 30, 2015

In the Matter of A. S.-F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. K. F.,
*Appellant.*

Josephine County Circuit Court
15JU01011; A159806 (Control)

In the Matter of T. S.-F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. K. F.,
*Appellant.*

Josephine County Circuit Court
15JU01012; A159807

365 P3d 1186

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Valerie Colas, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Nakamoto, Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

In this consolidated juvenile dependency appeal, mother challenges June 2015 jurisdictional judgments in which the juvenile court asserted jurisdiction over her two children, A and T, and dispositional judgments in which the court made the children wards of the court, placed them in the legal and physical custody of the Department of Human Services (DHS), and, among other things, ordered mother to participate in drug and alcohol treatment, complete a psychological assessment, and maintain a safe and stable home.[1] Mother seeks reversal of the jurisdictional judgments, asserting that the evidence is insufficient to support two of the grounds for jurisdiction.

As alleged in its petitions, DHS sought jurisdiction over the children because the conditions of the children endangered their welfare. *See* ORS 419B.100(1)(c). The petitions alleged facts relating to both mother and father that endangered the children. With respect to mother, the petitions alleged the following: (1) "mother's substance abuse interferes with her ability to safely parent the child[ren]" (allegation (f)); (2) "mother exposed the child[ren] to persons who pose a risk of harm to the child[ren]"; (3) "mother is unwilling and/or unable to maintain a safe environment" for the children because she "has allowed the child[ren] to live in a home that is unsafe and/or unsanitary, as the home does not have running water, electricity, heat, has little food, and the child[ren were] exposed to pornographic materials and drug paraphernalia was within the child-[ren's] reach"; and (4) "despite prior services offered to * * * mother through DHS and other agencies," she "has been unable and/or unwilling to overcome the impediments to [her] ability to provide, safe adequate care to the child[ren]" (allegation (i)). Mother contested those allegations and, after a hearing, the juvenile court asserted jurisdiction based, among other things, on all four allegations relating to mother.[2]

---

[1] The judgments related to both mother and father. However, father does not appeal.

[2] The court also took jurisdiction based on all of the allegations relating to father. None of those grounds for jurisdiction are at issue on appeal.

On appeal, mother asserts that the juvenile court erred in asserting jurisdiction over the children with respect to two of those grounds. Specifically, she contends that the court erred in concluding that DHS's evidence "was sufficient to prove that jurisdiction was warranted on the grounds of her substance abuse or failure to benefit from prior services." DHS, for its part, "concedes that—even under an 'any evidence' standard of review—the evidence is insufficient to establish that, at the time of the jurisdictional hearing, mother was currently abusing drugs or alcohol or that her substance abuse posed a current risk of harm to her children's welfare." It also concedes that the evidence was "insufficient to prove that, despite being offered or provided services by DHS or other agencies, mother was unable or unwilling to adjust her circumstances to provide the children with a safe home." According to DHS, at best, the evidence presented to the juvenile court demonstrated that "almost five years prior to the hearing mother had stated she needed help for substance abuse, and that prior to the court taking jurisdiction mother had declined services." We accept the concession by DHS. As the state recognizes, we have held that such evidence is insufficient to support jurisdiction. *See Dept. of Human Services v. A. B.*, 264 Or App 410, 416, 333 P3d 335 (2014) (substance abuse does not provide a basis for juvenile court jurisdiction where there is "no evidence in support of a determination that [the parent] had a substance abuse problem at the time of the jurisdictional hearing"); *Dept. of Human Services v. E. M.*, 264 Or App 76, 82-83, 331 P3d 1054 (2014) (DHS failed to prove that "mother had a substance abuse problem at the time of the [jurisdictional] hearing"); *Dept. of Human Services v. M. Q.*, 253 Or App 776, 787, 292 P3d 616 (2012) (evidence of a history of methamphetamine use does not support an inference of current use; "[j]urisdiction cannot be based on speculation that parent's past problems persist at the time of the jurisdictional hearing in the absence of evidence that the risk, in fact, remains").

According to DHS, because mother has not challenged the other grounds upon which the juvenile court took jurisdiction, "the appropriate remedy is to reverse the jurisdictional judgment as to each child and remand to the

juvenile court for entry of new judgments omitting the findings" at issue. DHS further points out that, although mother appealed from the dispositional judgments, she has not assigned error to any aspect of those judgments and they should, therefore, be affirmed. We agree with DHS on both points. *See State ex rel Juv. Dept. v. S. A.*, 230 Or App 346, 347, 214 P3d 851 (2009) (where allegation that father had "a history of substance abuse, which if active, would endanger the welfare of the child" was insufficient, reversing and remanding for entry of judgment establishing jurisdiction based on admitted allegations (internal quotation marks omitted)). Accordingly, we reverse and remand the jurisdictional judgments for the juvenile court to enter judgments establishing jurisdiction based on allegations (a) to (e), (g), and (h), but omitting allegations (f) and (i) as grounds for jurisdiction, and we affirm the dispositional judgments.

Jurisdictional judgments reversed and remanded for entry of judgments establishing dependency jurisdiction based on allegations other than (f) and (i); otherwise affirmed.