***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted November 16, 2022; jurisdictional judgment reversed
and remanded for entry of judgment establishing dependency jurisdiction
based on allegations other than mother's criminal conduct, otherwise affirmed
January 11, 2023

In the Matter of W. J. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. R. W.,
aka J. W.,
*Appellant.*

Lane County Circuit Court
22JU00397; A178530

Valeri L. Love, Judge.

Tiffany Keast, Deputy Chief Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Jurisdictional judgment reversed and remanded for entry of judgment establishing dependency jurisdiction based on allegations other than mother's criminal conduct; otherwise affirmed.

**PAGÁN, J.**

The juvenile court asserted dependency jurisdiction over W, aged 21 months at the time of the trial in March 2022, on four bases. On appeal, mother assigns error to the trial court's determination that her "criminal conduct and attendant consequences interfere with her ability to safely parent."[1] For the reasons discussed, we agree. We reverse and remand the jurisdictional judgment as to the criminal conduct basis, but otherwise affirm.[2]

A juvenile court may assert dependency jurisdiction under ORS 419B.100(1)(c), making the child a ward of the court, when it finds that the child's conditions or circumstances endanger the child's welfare, considering the totality of the circumstances. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61, 308 P3d 307 (2013). To establish jurisdiction, the state must establish that the child's conditions or circumstances "present a current threat of serious loss or injury" that is nonspeculative and reasonably likely to be realized. *Id.* at 61-62. And when a parent's conduct is at issue, the state must prove a causal connection between that conduct and the threatened harm to the child. *Dept. of Human Services v. S. G. T.*, 316 Or App 442, 444, 503 P3d 1264 (2021).

Mother does not request *de novo* review, and this is not the kind of exceptional case in which *de novo* review is appropriate. *See* ORAP 5.40(8)(c) ("The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or more factual findings anew on the record only in exceptional cases."). Thus, we determine whether, based on the record before it, there was sufficient evidence, supported by permissible inferences and viewed in the light most favorable to the juvenile court's disposition, for the court to conclude that the child was endangered by

---

[1] Father admitted dependency jurisdiction and does not appeal.

[2] Mother also assigns error to the judgment provisions ordering her to participate in mental health counseling, medication management, a psychological evaluation, and a mental health assessment. Those assignments were not preserved. Having reviewed the record, we conclude that they are not plain error. *See Dept. of Human Services v. M. D.*, 316 Or App 820, 822-23, 503 P3d 1275 (2022) (explaining when order for psychological evaluation constitutes plain error).

conditions or circumstances. *S. G. T.*, 316 Or App at 444-45. We describe the facts related to the criminal conduct basis in accordance with that standard.

On January 18, 2022, mother and father had a dispute over video games. By the time police arrived, father was not at the shared home. Mother told police that father had choked her for about 20 seconds, that she had hit and scratched father's back, and that she had thrown a flowerpot at the television, which bounced off the television and hit W in the head. One officer noted a slight bruise or discoloration on W's head.

Mother told officers that she and father had been using methamphetamine and heroin throughout the day, in W's presence. Police located drug paraphernalia consistent with smoking both drugs and noted that mother appeared to be under the influence of drugs at that time. After father returned, police arrested both of them. Mother was later charged with assault for the injuries to father, and with recklessly endangering W by throwing the flowerpot and smoking drugs in W's presence.

Mother was released from jail by January 26, and, well before the jurisdictional trial later in March, the state dismissed the criminal charges arising from the January 18 domestic violence call.

At the jurisdictional trial, a caseworker testified that mother's January 18 conduct was a "safety concern" because it had led to her arrest and left no one to care for W. The state did not present any other evidence of mother's criminal activity.

In closing argument, mother contended that although she had been arrested on probable cause, because the charges stemming from the January 18 incident had been dismissed, there was no "current nonspeculative risk of harm to the child."

In rebuttal, the state argued that current criminal charges were not required, only that the parent had engaged in criminal conduct that puts the child at a risk of harm. According to the state, it was the arrest arising from the criminal conduct of domestic violence with father and

continuing consumption of methamphetamine and heroin, which left W without a caregiver that presented the risk of harm.

The court concluded that the state had "carried its burden" with respect to the criminal conduct allegation and, along with several other bases, took jurisdiction over W.

In effect, we understand the state's argument and the court's conclusion to be that because of the alleged criminal conduct from January 18 and the possible attendant consequence of being incarcerated, W was subjected to a nonspeculative risk of harm at the time of the jurisdictional trial. We disagree.

As we have explained, "incarceration of a parent only provides a basis for juvenile court jurisdiction over a child if, as a result of that incarceration, the child faces a threat of serious harm, and there is a reasonable likelihood that that harm will come about." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 140, 413 P3d 1005 (2018). While incarceration can certainly lead to the unavailability of a parent to serve as a custodial resource, the threat of that harm must exist at the time of the jurisdictional trial and have a reasonable likelihood of materializing. *Dept. of Human Services v. R. D.*, 316 Or App 254, 260, 502 P3d 1183 (2021).

In this case, the state did not present any evidence of mother's criminal activity outside of the charges arising from January 18. Although some evidence suggests that mother had been previously arrested, there was no other information introduced of any prior convictions, pending charges, or present supervision. The only evidence introduced of mother's criminal conduct related to the January 18 incident giving rise to this case, yet, as the state also explained, those charges had been dismissed prior to the jurisdictional trial. Thus, at the time of the jurisdictional trial, there was no evidence of any criminal conduct that could lead to mother's unavailability to serve as a custodial resource. When mother's lack of criminal history is considered in the context of the January 18 conduct, the prediction that she would engage in more criminal activity that could cause her to be unavailable to parent remains an unknown.

*See L. L. S.*, 290 Or App at 140 (parent's incarceration can only be a basis for juvenile jurisdiction if there is a reasonable likelihood that harm will occur as a result of the incarceration). And likewise, the state also failed to demonstrate that there was any underlying criminal conduct of mother that exposed her to a present risk of being incarcerated and unavailable to parent her child. It is the state's burden to establish that mother poses a present risk of harm to W based upon her criminal history, and it did not meet that burden. *R. D.*, 316 Or App at 260.

Because mother did not challenge the other grounds under which the court took jurisdiction, the appropriate remedy is to reverse the jurisdictional judgment and remand for entry of a new judgment omitting the erroneous basis. *Accord Dept. of Human Services v. B. K. F.*, 275 Or App 794, 797-98, 365 P3d 1186 (2015).

Jurisdictional judgment reversed and remanded for entry of judgment establishing dependency jurisdiction based on allegations other than mother's criminal conduct; otherwise affirmed.