Submitted November 29, 2021, affirmed January 5, 2022

In the Matter of B. H. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. S. C.,
*Appellant.*

Washington County Circuit Court
20JU04993; A176084

503 P3d 1277

Mother appeals a permanency judgment continuing the plan of reunification for her child, who is currently a ward of the court. Mother contends that the juvenile court erred in ordering mother to submit to a psychological evaluation, because the legal requirements to make such an order were not met. *Held*: The juvenile court did not commit reversible error in ordering mother to submit to a psychological evaluation. Under the standard recently articulated in *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 745, 501 P3d 44 (2021), four findings are required before ordering a parent to submit to a psychological evaluation. Three of those findings were made by the juvenile court and are supported by legally sufficient evidence. Given the particular circumstances, the Court of Appeals exercised its discretion to make the fourth finding *de novo*.

Affirmed.

Kathleen J. Proctor, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Daniel J. Casey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Mother appeals a permanency judgment continuing the plan of reunification for her child, B, who is currently a ward of the court. Mother contends that the juvenile court erred in ordering mother to (1) undergo a psychological evaluation and (2) complete domestic violence "aggressor" counseling. Reviewing the juvenile court's legal conclusions for errors of law and its findings for any evidence, *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 745, 501 P3d 44 (2021), we reject mother's second argument without written discussion, and we reject her first argument for the reasons explained below. Accordingly, we affirm the permanency judgment.

In July 2020, the juvenile court asserted dependency jurisdiction over B, finding as to mother that substance abuse and a chaotic lifestyle interfere with mother's ability to safely parent B and that mother exposes B to domestic violence. The court ordered mother to engage in alcohol and substance-abuse treatment, domestic violence counseling, and parent training.

In April 2021, the juvenile court held a permanency hearing. The Department of Human Services (DHS) took the position that mother had not sufficiently progressed toward the goal of reunification and asked the court to order a psychological evaluation. There was evidence that mother had completed her substance-abuse course but not participated in "after care," and DHS was concerned about a possible relapse based on observations of sweatiness, jitteriness, black fingernails, and lack of emotional control. The caseworker believed that a psychological evaluation could help DHS to identify a "better service" for mother or an "underlying mental health issue" that had prevented mother from engaging in services. The juvenile court continued the plan of reunification, finding that further efforts would make it possible for B to safely return home within a reasonable time, but it ordered mother to complete "follow up care" and "DV services" and to "cooperate in [a] psychological evaluation and follow any treatment recommendations."

We recently clarified the legal requirements to order a parent to submit to a psychological evaluation in a

dependency case. In *W. C. T.*, 314 Or App at 756, we reconciled different strands of our case law regarding the sources of juvenile court authority for such orders, particularly ORS 419B.337 and ORS 419B.387. Regarding ORS 419B.337, we had held in *Dept. of Human Services v. G. L.*, 220 Or App 216, 222-23, 185 P3d 483, *rev den*, 345 Or 158 (2008), that ORS 419B.337 permits ordering a parent to submit to a psychological evaluation if it bears a "rational relationship" to the jurisdictional findings. Regarding ORS 419B.387, we had held in *Dept. of Human Services v. D. R. D.*, 298 Or App 788, 799, 450 P3d 1022 (2020), that ORS 419B.387 permits ordering a parent to submit to a psychological evaluation "as a component of treatment or training," but not as a discovery mechanism to determine *if* treatment or training is needed. In recent years, numerous parents have asked that we overturn *G. L.* as plainly wrong and recognize ORS 419B.387 as the sole authority to order a parent to submit to a psychological evaluation. Indeed, mother does so in this case.

We rejected that approach in *W. C. T.*, instead articulating a new unified standard derived from several statutes. Ultimately, we held that a juvenile court "may order a psychological evaluation of a parent, after an evidentiary hearing, by making findings that" (1) the psychological evaluation is for a service that is rationally related to the findings that bring the child into the court's jurisdiction; (2) the psychological evaluation is a predicate component of treatment or training of a parent; (3) there is a need for treatment or training to correct the circumstances that caused the jurisdictional findings or to prepare the parent for the child's return; and (4) the parent's participation in such treatment or training is in the best interest of the child. *W. C. T.*, 314 Or App at 776. The first required finding derives from ORS 419B.337(2) and ORS 419B.343(1)(a), the second and fourth required findings derive from ORS 419B.387, and the third required finding derives from ORS 419B.387 and ORS 419B.343(1)(a). *Id.*

Mother filed her opening brief before the publication of *W. C. T.*, and some of her arguments are now foreclosed by *W. C. T.* In her reply brief, mother asks us to overrule *W. C. T.* as "plainly wrong." *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (describing our "rigorous"

standard for overruling our own precedent, including that it must be "plainly wrong"). We decline to revisit an en banc decision of this court, especially one that was highly divided and on which the ink is barely dry. As such, we limit our consideration to mother's arguments that parts of the *W. C. T.* standard were not satisfied in this case.

As for DHS, it makes two arguments. First, DHS argues that, because the juvenile court entered a permanency judgment that continued the plan of reunification, the relevant source of authority to order mother to submit to a psychological evaluation is ORS 419B.476, which provides, in relevant part, that, at a permanency hearing, "if the court determines that further efforts will make it possible for the ward to safely return home within a reasonable time," the court may "order that the parents participate in specific services for a specific period of time and make specific progress within that period of time[.]" In DHS's view, if the juvenile court relies on ORS 419B.476 to order a parent to submit to a psychological evaluation and follow any resulting treatment recommendations, then only a "rational relationship" to the jurisdictional bases is required. That is, DHS contends that the *W. C. T.* standard does not apply here.

In the alternative, DHS argues that the *W. C. T.* standard was met here. Among other things, DHS points out that, at the time of the permanency hearing, DHS had been involved in B's care for 14 months and that mother's progress during that time had been insufficient to ameliorate the jurisdictional bases. DHS argues that a psychological evaluation will help to identify any underlying issues impeding mother's progress in substance-abuse and domestic-violence services and will aid DHS in tailoring the services provided to mother.

We address first whether the court erred in ordering mother to submit to a psychological evaluation under the standard articulated in *W. C. T. See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002) ("Error, in general, must be determined by the law existing at the time the appeal is decided, and not as of the time of trial."). The juvenile court did not expressly identify the statutory authority on which it relied to order mother to submit to a psychological

evaluation, but we discern from the record that it relied on ORS 419B.387. The court therefore expressly or implicitly made three of the four findings required under *W. C. T. See W. C. T.*, 314 Or App at 776 (identifying three required findings as derived from ORS 419B.387). Mother challenges those findings.

Having reviewed the record, we conclude that there is evidence to support each of those findings. With regard to the second *W. C. T.* requirement—that the psychological evaluation is a predicate component of treatment or training of a parent—there is evidence to support the juvenile court's findings regarding mother's lack of progress in ordered services for domestic violence and substance abuse. A growing body of our case law establishes that, when a parent has failed to sufficiently engage in services over time, at some point the court may find a psychological evaluation to have become a necessary component of the ordered services. *See, e.g.*, *id.* at 777 (parent had failed to successfully complete drug and alcohol treatment); *Dept. of Human Services v. M. O. B.*, 312 Or App 472, 485, 493 P3d 553, *rev dismissed*, 368 Or 788 (2021) (parent had exhibited a pattern of assaultive and impulsive behaviors); *Dept. of Human Services v. F. J. M.*, 312 Or App 301, 311-12, 493 P3d 59, *rev allowed*, 368 Or 510 (2021) (parent had not succeeded in ordered treatment and training); *D. R. D.*, 298 Or App at 800 (parent had been unable to stay clean and sober); *Dept. of Human Services v. T. L. H.*, 300 Or App 606, 615-16, 453 P3d 556 (2019) (parent struggled to maintain residential stability, had difficulty attending and participating in child's appointments, and had PTSD).[1]

The court's findings relevant to the third and fourth *W. C. T.* requirements—that there is a need for treatment or training to correct the circumstances that caused the

---

[1] Admittedly, our court has been highly divided on issues surrounding juvenile court authority to order a parent to submit to a psychological evaluation in a dependency case—*see, e.g.*, *W. C. T.*, 314 Or App at 781 (Mooney, J., concurring in part and dissenting in part, joined by five judges); *M. O. B.*, 312 Or App at 487 (Aoyagi, J., dissenting, joined by five judges); *F. J. M.*, 312 Or App at 312 (Aoyagi, J., concurring in part and dissenting in part)—and the Supreme Court has yet to address those issues. Until and unless the Supreme Court says otherwise, however, the existing body of precedent from this court is controlling.

jurisdictional findings or to prepare mother for B's return, and that mother's participation in such treatment or training is in the best interest of B—are also supported by the record.

That leaves only the first *W. C. T.* requirement—that the psychological evaluation is for a service that is rationally related to the jurisdictional findings. *W. C. T.* expressly treats that as a factual finding, rather than a legal conclusion, and so we do as well. 314 Or App at 776. The juvenile court did not make an express finding on that issue, nor may we infer a finding given the law that the court applied. We could remand for the court to address the omitted issue, as we would in other circumstances. *See, e.g.*, *Dept. of Human Services v. M. D.*, 316 Or App 820, 823, 503 P3d 1275 (2021) (remanding for application of the *W. C. T.* standard, where the juvenile court had relied solely on ORS 419B.337 to order a parental psychological evaluation and, thus, had failed to make three necessary findings). Given the nature of the single omitted finding, however, we instead choose to exercise our discretion to make that finding *de novo*. *See* ORS 19.415(3)(b) (allowing us to "make one or more factual findings anew upon the record," in our sole discretion, in certain types of cases). On this record, we find that the necessary rational relationship exists.[2]

Accordingly, the juvenile court did not err in ordering mother to submit to a psychological evaluation. We decline to address DHS's alternative argument that the juvenile court could have made the same order under authority of ORS 419B.476 and that, had it done so, only a rational relationship to the jurisdictional bases would be required. There is no indication that the juvenile court relied on ORS 419B.476 to order mother to submit to a psychological

---

[2] Several considerations underlie our decision to make the "rationally related" finding *de novo*. One is that "the bar is low to establish a rational relationship between a psychological evaluation of a parent and a jurisdictional basis." *Dept. of Human Services v. K. J.*, 295 Or App 544, 549, 435 P3d 819 (2019). Another is that there is significant overlap between the omitted finding and the findings that the court did make—as mother herself implicitly recognizes, in that her argument against a rational relationship is entirely derivative of her other arguments (that we have rejected). Finally, neither party has requested an opportunity to further develop the record before a finding is made, nor does providing such an opportunity seem necessary or warranted in the circumstances.

evaluation; rather, based on the record, it relied on ORS 419B.387 to make that order. Moreover, DHS is making a novel statutory argument for the first time on appeal, in the immediate wake of *W. C. T.*, wherein we mentioned but did not significantly discuss ORS 419B.476 or analyze how it might interrelate with the unified standard now articulated in *W. C. T.* We decline to take up that issue in this case, as a newly raised alternative basis to affirm, when doing so is unnecessary.

Affirmed.