Submitted November 29, 2021, vacated and remanded January 5, 2022

In the Matter of A. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. D.,
aka M. M., aka M. H.,
*Appellant.*

Clackamas County Circuit Court
20JU04429; A176299 (Control)

In the Matter of I. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. D.,
aka M. M., aka M. H.,
*Appellant.*

Clackamas County Circuit Court
20JU04430; A176300

In the Matter of P. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. D.,
aka M. M., aka M. H.,
*Appellant.*

Clackamas County Circuit Court
20JU04433; A176301

503 P3d 1275

Heather Karabeika, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Vacated and remanded.

**PER CURIAM**

In this juvenile dependency case, the juvenile court ordered that mother undertake a psychological evaluation pursuant to ORS 419B.337(2) after finding that there was a "rational relationship" between the jurisdictional bases and the psychological evaluation. But, when ordering the psychological evaluation, the juvenile court did not consider the requirements imposed by ORS 419B.387. Mother argues that that was plain error because ORS 419B.387 governs the juvenile court's authority to order psychological evaluations in dependency proceedings. As explained below, because the juvenile court plainly erred in ordering a psychological evaluation without considering the requirements imposed by ORS 419B.387, we exercise our discretion to correct that error and we vacate and remand.

During the pendency of this appeal, we decided *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 501 P3d 44 (2021). In *W. C. T.*, we recognized that two lines of cases had developed on the question of statutory authority for the juvenile court to order psychological evaluations. *Id.* at 762. One line of cases was premised on authority under ORS 419B.337(2); the other was premised on authority under ORS 419B.387. *Id.* at 762, 765. In *W. C. T.*, we harmonized those two lines of cases, explaining that a four-part standard, which reflects requirements arising under *both* ORS 419B.337(2) and ORS 419B.387, governs the juvenile court's authority to order psychological evaluations. *Id.* at 776.

We conclude that mother did not preserve her claim of error in this case. Therefore, we can only consider it if it "qualifies as plain error." *State v. Perez*, 340 Or 310, 315, 131 P3d 168 (2006). We determine whether an error is plain with reference to the law existing at the time of the appellate decision. *State v. Jury*, 185 Or App 132, 139-40, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Ulery*, 366 Or 500, 503, 464 P3d 1123 (2020) (internal quotation marks omitted). Here, as noted above, the juvenile court ordered that mother undertake a psychological evaluation

pursuant to ORS 419B.337(2), without considering the requirements imposed by ORS 419B.387. In light of *W. C. T.* that error, which is one of law, is obvious and not reasonably in dispute, and it is an error which is apparent on the face of the record.

Further, we exercise our discretion to correct the error. *See Ulery*, 366 Or at 503 (providing nonexclusive list of factors to consider in deciding whether to exercise discretion). In our view, here, the "nature of the case," the "gravity of the error," and "the ends of justice," all militate toward exercising our discretion. *Id.*; *see also W. C. T.*, 314 Or App at 788 (Mooney, J., concurring in part, dissenting in part) ("A court-ordered psychological evaluation represents a significant, unconsented intrusion by the state into the life and psyche of the person subjected to it. Failure to comply with the court's order could result in *** disruption of the family and loss of one's children."). Moreover, given the two lines of cases that had developed prior to our decision in *W. C. T.*, "our allowance of relief in this case will not subvert the comity considerations that underlie the preservation requirement." *Jury*, 185 Or App at 139-40.

Vacated and remanded.