Submitted January 27, affirmed February 24, 2022

In the Matter of B. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. E. S.,
*Appellant.*

Grant County Circuit Court
21JU01008; A176238

505 P3d 1099

Matthew B. Shirtcliff, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Daniel J. Casey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile dependency case, father appeals the judgment asserting jurisdiction over his one-year-old child pursuant to ORS 419B.100(1)(c).[1] We affirm.

Father assigns error to the admission of various pieces of evidence—seven on the basis of relevance, two on the basis that their probative value is substantially outweighed by the danger of unfair prejudice, and four on the basis of hearsay. *See* OEC 401; OEC 403; OEC 801. DHS concedes that two statements made by father's parole officer were inadmissible hearsay but contends that the error was harmless because the statements were cumulative of other evidence. We agree, and further conclude that even if any of the other evidence challenged on appeal was erroneously admitted, that error was harmless because the evidence was cumulative of other evidence. *See State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019).

Father further contends that the evidence at the hearing was inadequate to support the court's finding of jurisdiction on the bases that father "has a substance abuse problem" and "subjects the mother to domestic violence." More specifically, he argues that the evidence was insufficient to establish a nexus between father's substance abuse or violence toward mother and a current, nonspeculative risk of serious harm to the child. *See Dept. of Human Services v. C. A. M.*, 294 Or App 605, 615, 432 P3d 1175 (2018) ("A child's welfare is endangered under the statute if conditions and circumstances give rise to a current threat of serious loss or injury to the child." (Internal quotation marks omitted.)). Father did not object or assign error to evidence that father had used methamphetamines three weeks before the trial, that his use of methamphetamines makes him paranoid and contributed to past violent behaviors, and that he had subjected mother to domestic violence with their child in the immediate vicinity approximately six months before the trial. On this record, evidence supported the juvenile

---

[1] Mother stipulated to jurisdiction on the basis that she is unable to protect the child from father's domestic violence midway through the trial and is not a party on appeal.

court's findings, and its conclusion that there was a reasonable likelihood of harm to child's welfare was legally permissible. *See id.* ("The key inquiry in determining whether conditions or circumstances warrant jurisdiction is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the welfare of the child." (Citation omitted.)).

Father also assigns error to the juvenile court's order that he participate in a psychological evaluation. The juvenile court did not err. *See Dept. of Human Services v. N. S. C.*, 316 Or App 755, 757-58, 503 P3d 1277 (2022); *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 745, 501 P3d 44 (2021); *Dept. of Human Services v. F. J. M.*, 312 Or App 301, 493 P3d 59, *rev allowed*, 368 Or 510 (2021).

Affirmed.