Submitted February 7; jurisdictional judgment affirmed, dispositional judgment vacated and remanded as to order that father submit to a psychological evaluation, otherwise affirmed March 23, 2022

In the Matter of P. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. F.,
*Appellant.*

Deschutes County Circuit Court
20JU06268; A176139

507 P3d 350

Father appeals a juvenile court judgment asserting dependency jurisdiction over his child. He contends that the juvenile court failed to provide him with actual notice of the trial readiness hearing and then, when he failed to appear, wrongly adjudicated the dependency petition in his absence and made his child a ward of the court. Alternatively, he contends that the juvenile court erred in ordering him to complete certain evaluations and other tasks. *Held*: Father's claim of error regarding notice was not adequately preserved, thus limiting review to plain error. The record is ambiguous as to whether father received actual notice from the court, which impedes plain-error review. In any event, the Court of Appeals declined to exercise its discretion to correct any plain error, because it was clear from father's counsel's statements at the beginning of the hearing that father knew of the hearing and chose not to attend. As for father's other assignments of error, the Court of Appeals accepted the state's concession that the juvenile court plainly erred by ordering father to submit to a psychological evaluation without making the necessary findings.

Jurisdictional judgment affirmed; dispositional judgment vacated and remanded as to order that father submit to a psychological evaluation; otherwise affirmed.

Bethany P. Flint, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Joel C. Duran, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

AOYAGI, J.

Jurisdictional judgment affirmed; dispositional judgment vacated and remanded as to order that father submit to a psychological evaluation; otherwise affirmed.

**AOYAGI, J.**

Father appeals a juvenile court judgment asserting dependency jurisdiction over his child. Father contends that the juvenile court failed to provide him with actual notice of the trial readiness hearing and then, when he failed to appear, wrongly adjudicated the dependency petition in his absence and made his child a ward of the court. Alternatively, father contends that the court erred in ordering him to complete certain evaluations and other tasks. For the following reasons, we vacate and remand the portion of the dispositional judgment that orders father to submit to a psychological evaluation, and we otherwise affirm.

We briefly describe the relevant procedural facts. The Department of Human Services (DHS) filed a dependency petition regarding father's child. Father was summoned and personally appeared at a status conference on December 7 and at a trial readiness hearing on January 11. Because of the COVID-19 pandemic, both proceedings were held by telephone. At the December 7 status conference, father was told the consequences of not appearing for the trial readiness hearing. At the January 11 hearing, everyone appeared, but mother requested a trial continuance, to which no one objected, and all parties agreed to resetting the trial dates to April 28, 29, and 30. The court then set a trial readiness hearing for April 19. The court repeated all of the upcoming dates on the record, and it explained to the parties the consequences of failing to appear. The court then asked the parties to confirm that they had heard and written down the dates. Neither father nor mother were heard to respond. With the court unable to determine why no responses were heard, DHS's counsel offered to prepare an order with the dates for the court to mail to the parties. The court agreed that that was a good idea, given the lack of verbal confirmation, and said that it would watch for the order. The record contains no indication that the intended written order was ever prepared or mailed, and the state acknowledges the lack of a written order.

On April 19, father failed to appear for the trial readiness hearing. Father's counsel represented to the court that he had "been in conversations with" father, had given

father the call-in information, and had expected father to call in. Father's counsel further stated that there had been "some discussion" with father about his possibly waiving trial rights, that he had sent father the form to do so, but that he had been "unable to confirm with [father] today" whether father had decided to waive. In father's absence, the juvenile court granted DHS's request to proceed with its *prima facie* case, adjudicated the dependency petition, and made father's child a ward of the court. The court immediately proceeded to disposition, including issuing various orders directed to father.

Father appeals. In his first three assignments of error, father contends that the juvenile court erred by not giving him actual notice of the April 19 trial readiness hearing, by nonetheless proceeding to adjudicate the petition in his absence, and by then making the child a ward of the court. We reject those arguments as explained below.

Although father's counsel could not participate in the actual hearing in father's absence, *Dept. of Human Services v. S. C. T.*, 281 Or App 246, 261, 380 P3d 1211 (2016), *rev den*, 360 Or 752; 360 Or 851 (2017), father's counsel was present at the scheduled start time for the hearing, and he was able to tell the court whether father intended to be present or, conversely, alert the court to a potential notice problem. We therefore agree with DHS that father's claims of error based on lack of notice needed to be preserved, that they were not, and that our review is limited to plain error. *See* ORAP 5.45(1) (allowing for "plain error" review).

On this record, it is unknown whether, at the January 11 hearing, father heard the trial-readiness date and the court's warning about failure to appear; if so, he received notice. It is possible that father heard but did not respond. It is possible that father heard and responded but that the court could not hear him due to a technical issue. It is possible that father lost his connection or otherwise could not hear the court. Such uncertainty is problematic, because one requirement for error to be "plain" is that it is not necessary to go outside the record or select among competing inferences. *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). In any event, plain-error

review is discretionary, and we would not exercise our discretion here. It is entirely possible that father heard the court say the April 19 hearing date and the consequences of failing to appear. Father also had at least some awareness of the consequences of failing to appear for a trial readiness hearing, in that he had been told those consequences as to the January 11 trial readiness hearing. Most importantly, father's counsel's statements to the court on April 19 make clear that father was aware of the April 19 hearing and had been actively deciding whether to attend it or waive his rights. That fact weighs decisively against exercising discretion.

We turn to the remaining nine assignments of error. Father argues that the juvenile court erred by ordering father to complete a drug and alcohol evaluation; provide an address or reliable phone number to the DHS caseworker; attend all court hearings; complete a psychological evaluation; complete a mental health evaluation; obtain safe and stable housing; sign information releases; attend scheduled visitations with the child; and take random urinalysis tests upon request.

The state concedes that the court plainly erred in ordering father to submit to a psychological evaluation—the subject of father's seventh assignment of error—because the court did not make the findings required by *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 776, 501 P3d 44 (2021), which was decided after the hearing in this case but is controlling for purposes of our plain-error determination. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (explaining that we apply the law in effect at the time of appeal). We agree that the court erred,[1] and we vacate and remand that portion of the judgment.

Except for that issue, in challenging the court orders directed to him, we understand father to be arguing that

---

[1] The parties disagree on preservation with respect to the fourth through twelfth assignments of error. As to the conceded error, the disposition would be the same regardless of preservation, so we need not resolve preservation. And we need not resolve preservation as to the remaining issues, because, as will be explained in the text, father's remaining arguments depend on a future change in the law.

our current case law, including but not limited to *W. C. T.*, is wrong. There are at least two cases currently pending in the Supreme Court that may be relevant to that argument. *See Dept. of Human Services v. F. J. M.*, 312 Or App 301, 493 P3d 59, *rev allowed*, 368 Or 510 (2021); *Dept. of Human Services v. L. S.*, 310 Or App 382, 483 P3d 17, *rev allowed*, 368 Or 510 (2021). Father has not asked us to disavow any of our recent decisions ourselves, nor would we. *See Dept. of Human Services v. N. S. C.*, 316 Or App 755, 758, 503 P3d 1277 (2022) (stating, regarding *W. C. T.*, that "[w]e decline to revisit an en banc decision of this court, especially one that was highly divided and on which the ink is barely dry"). Father's remaining arguments are therefore not so much directed to us as they are meant to preserve his position in the event that the Supreme Court changes the law in the future. As such, we acknowledge those arguments but need not address them individually.[2]

Jurisdictional judgment affirmed; dispositional judgment vacated and remanded as to order that father submit to a psychological evaluation; otherwise affirmed.

---

[2] In the concluding paragraph of his combined argument on the fourth through twelfth assignments of error, father asserts that none of the things that he was ordered to do qualify as "treatment or training" under ORS 419B.387. We understand that argument to be subsumed in his larger argument regarding the state of our case law. To the extent it is intended as an independent argument, it is not developed, so we do not address it.