***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 16; on respondent's motion to dismiss filed July 5 and appellant's response filed July 19, motion to dismiss appeal denied, dispositional judgments reversed in part and remanded, otherwise affirmed September 28, 2022, petition for review denied January 19, 2023 (370 Or 714)

In the Matter of H. A. V.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. J. J.,
*Appellant.*

Lane County Circuit Court
21JU02582; A178191 (Control)

In the Matter of S. R. V.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

R. J. J.,
*Appellant.*

Lane County Circuit Court
21JU02583; A178192

Bradley A. Cascagnette, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

TOOKEY, P. J.

Motion to dismiss appeal denied; dispositional judgments reversed in part and remanded; otherwise affirmed.

**TOOKEY, P. J.**

In this consolidated appeal, father appeals juvenile court judgments asserting jurisdiction over his children, S and H, and ordering that he undergo a substance-abuse evaluation and a psychosexual evaluation. In his first assignment of error, father challenges the order that he undergo a substance-abuse evaluation. In his second assignment of error, father challenges the order that he undergo a psychosexual evaluation. For the reasons that follow, we conclude that the trial court erred in ordering father to undergo the substance-abuse evaluation, and we reject father's second assignment of error.

"We review the juvenile court's factual findings for any evidence and its legal conclusions for errors of law." *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 745, 501 P3d 44 (2021).

This juvenile case involves father's children—S, who is four years old, and H, who is three years old. In September 2021, the juvenile court held a jurisdictional hearing and found the children to be within its jurisdiction on the basis that father "fails to provide adequate supervision" for the children and "lacks the parenting skills, knowledge and/or motivation necessary to safely parent." Regarding disposition, the juvenile court ordered father to "[p]articipate in and successfully complete a comprehensive psychological evaluation *** and follow recommendations." Shortly after that hearing, DHS filed new allegations that father had sexually abused S. Later, during his psychological evaluation, father declined to discuss the allegations that he had sexually abused S but did discuss his history of substance use. The results of that evaluation included a recommendation that father undergo a substance-abuse evaluation and a psychosexual evaluation.

In February 2022, the juvenile court held a second jurisdictional hearing regarding the allegations that father sexually abused S. The court found that, in addition to the bases established in the first jurisdictional hearing, the children were within its jurisdiction on the basis that father had sexually abused S, which presented a threat of harm

to both children. Regarding disposition, the state requested that father participate in a substance-abuse evaluation and a psychosexual evaluation. Father objected to the substance abuse evaluation, arguing,

> "[O]ne of the services that was recommended was that [father] engage in a substance abuse evaluation. We don't think that that is necessary, Your Honor. We've now gone through two filings of petitions of allegations [and] I don't believe either one has included a substance abuse allegation.
>
> "* * * * *
>
> "So, even though it has been recommended in this [psychological evaluation] report and we did agree to do what was recommended, we don't think that that is an appropriate request at this time, given that is not really a safety threat that anyone has identified."

Responding to father's objection, DHS agreed "with [father]'s analysis of there not being a jurisdictional basis," but asserted that a substance-abuse evaluation "was recommended by the psychological evaluation, and [father] did agree to participate in services recommended by the psychological evaluation." The juvenile court agreed with DHS and ordered that father undergo a substance-abuse evaluation.

The court also asked father, "So, given my rulings outside of the substance abuse evaluation, do you object to any other of the requests by the State?" Father replied, "No, Your Honor." Father subsequently underwent the court-ordered substance-abuse evaluation and psychosexual evaluation and shared the results with DHS.

Father now appeals, raising two assignments of error, as noted above. Regarding his first assignment of error about the substance-abuse evaluation, we conclude that the trial court erred when it ordered father to undergo that evaluation. Regarding his second assignment of error about the psychosexual evaluation, we conclude that it is unpreserved, and we decline to exercise our discretion to review it as plain error.

Preliminarily, however, we address a threshold issue: During the pendency of this appeal, DHS has moved to

dismiss the appeal as moot, and father objects. As the party moving for dismissal,

> "DHS has the burden of proving mootness, including that the decision being challenged on appeal will have no further practical effect on the rights of the parties. To meet that burden, DHS need not imagine all potential collateral consequences that could result and prove their nonexistence. Rather, father must first identify any continuing practical effects or collateral consequences that, in his view, render the appeal justiciable. DHS then bears the responsibility of demonstrating that those effects or consequences are either legally insufficient or factually incorrect. DHS must persuade the reviewing court that dismissal is warranted, for the appeal to be deemed moot."

*Dept. of Human Services v. T. L. H.*, 300 Or App 606, 612-13, 453 P3d 556 (2019) (brackets, citations, and internal quotation marks omitted). DHS argues that father's appeal is moot because father has already completed both court-ordered evaluations. DHS further argues that the substance-abuse evaluation, in particular, cannot affect father's future rights, "[b]ecause the evaluation did not recommend further substance-abuse treatment."[1] Father responds that a decision by this court in his favor could have further practical effects on his rights, because it "would provide a valid basis for father to seek to limit or exclude" DHS's use of the psychosexual evaluation as evidence against him in the ongoing dependency proceedings. Father likewise contends that, although the substance-abuse evaluation did not recommend

---

[1] In its motion to dismiss, DHS also summarily asserts that "by completing the evaluations and sharing the results with DHS, [father] effectively waived any future challenges to those orders" and cites our opinion in *W. C. T.*

In *W. C. T.*, the mother challenged a juvenile court order requiring her to sign information releases. 314 Or App at 779. We observed that, because "mother had already signed the information releases," she had "[s]eemingly *** already knowingly and intentionally waived objection to the releases DHS sought." *Id.* In rejecting her challenge to that order, however, we explained that "[m]other does not develop an argument beyond a summary conclusion [and] does not specify what records are at issue, *** what information the releases purport to provide, or what added legal concerns might be involved." *Id.* That is not the case here. Unlike the mother in *W. C. T.*, father did not submit to the evaluations until the court ordered him to do so. Furthermore, he presents a developed argument in his briefing; he specifies the records at issue and the information they provide; and he identifies the legal concerns involved. Thus, *W. C. T.* is inapposite, and we reject DHS's assertion on that point.

further substance abuse treatment, a favorable decision by this court would provide a basis for limiting or excluding private information in that evaluation about his history of substance use that DHS could use against him in the ongoing dependency proceedings.

Here, we are not persuaded that dismissal is warranted under the circumstances. For one, we have previously held that a parent's challenge to a court-ordered psychological evaluation was not moot in virtually identical circumstances. *See T. L. H.*, 300 Or App at 612-13 ("DHS's motion to dismiss is predicated on the fact that father has already submitted to the contested psychological evaluation. Father counters that * * * a decision by this court in his favor * * * would provide a basis by which he could seek to limit or prevent the introduction of the evaluation as evidence in the ongoing dependency proceeding. * * * [W]e are not persuaded that dismissal is warranted, and we conclude that the appeal is not moot."). Further, we disagree with DHS's contention that the substance-abuse evaluation will have no effect on father's rights simply because it lacks a recommendation for further substance-abuse treatment. Father has identified other practical effects or consequences flowing from that evaluation that render this case justiciable—*i.e.* that private information in the evaluation about his history of substance use could be used against him in subsequent dependency proceedings—and DHS has not met its "responsibility of demonstrating that those effects or consequences are either legally insufficient or factually incorrect." *Id.* at 613. We therefore deny DHS's motion to dismiss, and we conclude that father's appeal is not moot.

Turning to the merits of father's first assignment of error, father argues that the juvenile court erred in ordering him to undergo a substance-abuse evaluation, because the record is insufficient to show that a substance-abuse evaluation is rationally related to the established jurisdictional bases.[2] DHS concedes that, if father's challenge to the

_____

[2] In his briefing as to the first assignment of error, father states in a footnote, "For purposes of preserving this issue for review by the Oregon Supreme Court, father contends that *W. C. T.*[, 314 Or App 743 (2021)] was wrongly decided." Because that contention is "not so much directed to us" but is "meant to preserve his position in the event the Supreme Court changes the law," we "acknowledge

juvenile court's order requiring him to undergo a substance-abuse evaluation is not moot, then we should conclude that the juvenile court erred in ordering that evaluation without finding that it was rationally related to the bases that brought the children into the court's jurisdiction. We agree with and accept DHS's concession. *See W. C. T.*, 314 Or App at 776 ("[T]he court may order a psychological evaluation of a parent, after an evidentiary hearing, by making findings that * * * [t]he psychological evaluation is for a service that is rationally related to the findings that bring the child into the court's jurisdiction."); *see also Dept. of Human Services v. S. D.*, 318 Or App 416, 417, 505 P3d 505 (2022) (accepting state concession that juvenile court erred in ordering the mother to complete substance-abuse evaluation not "rationally related" to jurisdictional bases). Accordingly, we reverse the portion of the judgments ordering father to undergo a substance abuse evaluation, and we remand for entry of a judgment omitting the challenged order.

Turning to father's second assignment of error, he argues that the juvenile court erred in ordering him to undergo a psychosexual evaluation, because the record is insufficient to show that a psychosexual evaluation is a "predicate component" of treatment or training that father needed to resume care of his children. Having reviewed the record, however, we conclude that father did not preserve that claim of error.[3]

Father contends that, if the error is unpreserved, we should review it as plain error. Even assuming the juvenile court's ruling constitutes plain error, "we must determine whether to exercise our discretion to reach the error

---

those arguments but need not address them." *Dept. of Human Services v. B. F.*, 318 Or App 536, 541, 507 P3d 350 (2022) (declining to address contention that *W. C. T.* was wrongly decided).

[3] Regarding preservation of father's second assignment of error, father points in his briefing to a portion of the transcript from the second jurisdictional hearing wherein father's counsel briefly discusses the psychosexual evaluation. That discussion, however, occurred during closing arguments at the jurisdictional hearing wherein father's counsel asked the court not to take jurisdiction based on the sexual abuse allegation; it did not alert the juvenile court that father had any objection to the court's subsequent order that he undergo a psychosexual evaluation. As such, it does not suffice to preserve the argument father now raises on appeal.

and correct it." *See Dept. of Human Services v. E. L. G.*, 270 Or App 308, 315, 347 P3d 825 (2015). In making that determination, we consider "whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error." *Id.* We also consider "whether the record would have developed differently if the appellant had raised at trial the argument it raises for the first time on appeal," *State v. R. H.*, 237 Or App 245, 252, 239 P3d 505, *rev den*, 349 Or 480 (2010), and "whether, and to what extent the party encouraged the judge's choice," *E. L. G.*, 270 Or App at 315.

In this case, father did not present an objection to the psychosexual evaluation, in any manner, to the juvenile court; consequently, the state had no occasion to respond with its side of the issue, and the court had no occasion to address or correct father's claim of error. Had father raised the objection in the juvenile court, the state and the court would each have had the opportunity to address it, and the record likely would have developed differently. Further, as noted above, after father objected to the state's request for a substance-abuse evaluation, the juvenile court explicitly asked father, "[D]*o you object to any other of the requests by the State*?" (Emphasis added.) And father explicitly replied, "No, Your Honor." By stating that he did not object to it, father encouraged the juvenile court's choice to order the state-requested psychosexual evaluation and was "actively instrumental in bringing about [the] alleged error." *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) (internal quotation marks omitted); *see also id.* (declining to exercise discretion to conduct plain error review where the defendant "protested the proposed restitution, [but] did not make a formal objection" and said "he was 'okay' with paying the proposed restitution," thereby "invit[ing] the error of which he now complains"). "This court has determined that it will not exercise its discretion to review an asserted plain error if the party seeking review encouraged commission of the error in question." *See State ex rel Juv. Dept. v. S. P.*, 346 Or 592, 606, 215 P3d 847 (2009). For the above reasons, we do not exercise our discretion to

reach father's second assignment of error, and we reject it as unpreserved.

Motion to dismiss appeal denied; dispositional judgments reversed in part and remanded; otherwise affirmed.